Per Curiam.

The trial court under guise of imposing an estoppel impermissibly undertook to exercise equitable powers beyond its jurisdiction necessary to q judgment for reformation of a written instrument. The record, however, seems to establish unilateral mistake on the part of Mrs. Botwin and inequitable conduct on the part of the bank’s representative, Mr. Rogers, *1013 in connection with the signing of the instrument of guarantee. Hence, in reversing, we do so without prejudice to such equitable relief as may be sought in the Supreme Court in an action for reformation. Moreover, this judgment on appeal should in no wise be given the effect of res judicata, either directly or by way of collateral estoppel, in any such action.
Order so far as it dismissed plaintiff’s second cause of action against defendant Dale Botwin is reversed, without costs, and judgment granted plaintiff against defendant Dale Botwin in the same amount as that assessed against her defaulting codefendant, Alfred Botwin.